UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FRED SANDBERG,
an individual,

    Plaintiff,

vs.      CASE NO.:

PRESIDENTIAL MEDICAL PLAZA
CONDOMINIUM ASSOCIATION, INC.,
a Florida Corporation,

    Defendant.
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, FRED SANDBERG, by and through his undersigned counsel, hereby files this Complaint and sues PRESIDENTIAL MEDICAL PLAZA CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, FRED SANDBERG, (hereinafter referred to as "Mr. Sandberg") is a resident of Palm Beach County, Florida.

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff was involved in an accident in 1978 and, as a result, he sustained a severe T8-T9 spinal injury. Due to this injury, Plaintiff is a paraplegic and is permanently disabled.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a wheelchair for mobility.

6. Defendant PRESIDENTIAL MEDICAL PLAZA CONDOMINIUM ASSOCIATION, INC., (hereinafter referred to as "Defendant") is a Florida condominium association registered to do business in the State of Florida. Upon information and belief, Defendant is the operator of the real property and improvements which make up the Presidential Medical Plaza, which is the subject of this action, to wit: generally located at 1501 Presidential Way, West Palm Beach, Florida 33401 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida, Palm Beach County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a medical plaza, is a place of public accommodation subject to the ADA.

10. Plaintiff resides in close proximity to the Property and has visited the Property numerous times over the past three years.

11. However, during his many visits, Plaintiff repeatedly encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to these barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property operated by Defendant.

13. Plaintiff desires to visit the Property in the future but cannot conveniently do so until the architectural barriers which remain at the Property in violation of the ADA are removed.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to the following barriers to access which Plaintiff personally encountered and/or which he is personally aware:

    A. Plaintiff encountered inaccessible parking spaces designated as accessible throughout the Property due to a complete lack of any marked access aisles and narrow dimensions.

    B. Plaintiff encountered one parking space designated as accessible which was not accessible due to a curb ramp which protrudes into the space causing a slope well in excess of 1:48.

    C. Plaintiff encountered inaccessible curb ramps which, in addition to the protrusion issue noted above, have excessive slopes and are not flush with the adjacent pavement.

    D. Plaintiff encountered inaccessible sidewalk ramps which are not accessible due to the lack of proper handrails for the entire ramp run.

15. To date, these barriers and other violations of the ADA, which are readily achievable to remove, still exist and have not been remedied or altered in such a way to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following in injunctive and declaratory relief:

    A. That this Court declares that the Property operated by Defendant is in violation of the ADA;

    B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: September 18, 2019

                                                Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq.
(FL Bar #: 597155)
Brian T. Ku, Esq.
(FL Bar # 610461)